## MILES DAVIS' ASSIGNEE *v.* JOHN SMALLGOOD.

[Abstract Kentucky Law Reporter, Vol. 3—539.]

**Pleading Showing Bankruptcy.**
> One who asserts that he is assignee in bankruptcy can not defeat the proceedings in a state court against the bankrupt without pleading the facts and proving what he pleads.

**Deed by Successor of a Sheriff.**
> The sale of real estate by one sheriff and deed executed by his successor in office is valid.

### APPEAL FROM UNION COURT OF COMMON PLEAS.

January 26, 1882.

OPINION BY JUDGE HARGIS:

There is no title, valid either in law or equity, shown by the appellant, James M. Davis, who avers that he is assignee in bankruptcy of Miles Davis; and without exhibition of title evidenced by record, the assignee had no right to suspend or defeat the proceedings in the state court which can not know judicially anything of the proceedings in bankruptcy except as pleaded and shown by the records.

The sale by one sheriff and deed for the lot sold, executed by a subsequently elected sehriff, is valid. *Hamilton v. Vail,* 2 Met. (Ky.) 511; *Colyer v. Higgins,* 1 Duv. (Ky.) 6, 85 Am. Dec. 601.

The deputy sheriff who appraised the lot was a bona fide housekeeper and did not have the execution in his hands, and we

can see no valid objection to his acts; he was the deputy of the sheriff who was executing the fi. fa.

Wherefore the judgment is *affirmed*.

*Thos. E. Ward, for appellant.*

*Hughes & Givens, A. Duvall, for appellee.*

